Filed 8/20/25  P. v. Howard CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACK HOWARD,<br><br>    Defendant and Appellant. | B338271<br><br>(Los Angeles County<br>Super. Ct. No. KA128583) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts

#### *Prosecution case*

On September 19, 2021, Jesus Pimentel Luna was working as a security guard at WSS in El Monte, California. Between 11:00 a.m. and noon, he saw Jack Howard in the store with bags under his arm. Howard walked to the back of the store, grabbed two pairs of shoes from an aisle and put them down. He went to the soccer section and grabbed clothing. Howard walked to the back of the store where he had his bag open and stuffed the shoes and clothing into them.

Pimentel Luna approached Howard, startling him. Pimentel Luna was wearing a shirt that identified him as a store employee. He told Howard that he needed to remove the items from the bag and leave the store. Howard got up. As he started walking, he told Pimentel Luna to " 'back the fuck up.' " Howard pulled out a black kitchen knife and moved it toward Pimentel Luna, who was about three feet away. Pimentel Luna was scared he would get hurt if he got closer to Howard. Pimentel Luna told Howard to leave the store. Howard walked out of the store with the items of clothing and two pairs of shoes. A surveillance video from the store captured the incident.

Pimentel Luna called the police. El Monte Police Officer David Avalos arrived in about two minutes. Pimentel Luna showed him the video and described the items that were taken.

Officer Avalos left the store to look for a suspect. He found Howard about three hours after the incident occurred. When Officer Avalos initially saw Howard, he was crouching down behind cars. He was carrying a clear plastic trash bag. Officer

2

Avalos asked Howard to stop and sit down. Instead of complying, Howard went out of view behind a parked car. He appeared on the other side of the car but no longer had the trash bag. Officer Avalos found the trash bag behind the car. It contained a pair of black Puma shoes that Pimentel Lopez described, a pair of shorts, and a pair of sweatpants. Officer Avalos also found a knife wrapped up tightly in a sock in the bag.

Officer Avalos returned to the store with the pair of black Puma shoes. Pimentel Luna confirmed the shoes were taken from the store. Officer Avalos took him to try to identify Howard as the person who took the items. Officer Avalos admonished him that the suspect may or may not be the person who committed the crime and that he did not want to arrest the wrong person. Pimentel Luna identified Howard as the person who took the items from the store. Howard was wearing different shorts than he was wearing in the store, and he was not wearing shoes. Pimentel Luna also identified the shorts, the sweats, and the knife found by Officer Avalos.

## II. Procedure

### A. *Jury verdict*

On December 15, 2021, a jury found Howard guilty of second degree robbery (Pen. Code, § 211, count 1).[1]

### B. *Prior conviction trial*

On December 16, 2021, the court proceeded with a bifurcated jury trial on the prior conviction allegation under the Three Strikes law. Richard Sato, a paralegal from the Los

---

[1]     All undesignated statutory references are to the Penal Code.

3

Angeles County District Attorney's Office, reviewed Howard's section 969b prison packet from the California Department of Corrections and Rehabilitation. The packet included Howard's photograph, a fingerprint card, and an abstract of judgment that documented a conviction for robbery in violation of section 211 on January 9, 2014 in San Bernardino County Superior Court case No. FWV1301888. Howard was sentenced to three years in state prison.

Veronica Hensley was employed by the Sheriff's Department as an automated fingerprint identification system specialist technician II. She confirmed that the fingerprints on the card from the section 969b packet belonged to Howard.

The court found that Howard was the person named in the section 969b packet and the fingerprint cards. The jury found that Howard was convicted of robbery on January 9, 2014 in San Bernardino County Superior Court case No. FWV1301888.

### C.    *Aggravating circumstances and sentencing*

On May 21, 2024,[2] the court found multiple factors in aggravation to support imposing an upper term sentence. These factors included Howard having prior convictions of increasing seriousness (Rules of Court, rule 4.421(b)(2)), serving prior prison terms (*id*., rule 4.421(b)(3)), and being on parole when the crime was committed (*id*., rule 4.421(b)(4)).

The court imposed a term of 10 years in state prison.

---

[2]    On April 12, 2022, the court suspended criminal proceedings to determine Howard's mental competency pursuant to section 1368. On May 3, 2024, Howard was restored to competence pursuant to section 1372 and the court reinstated criminal proceedings.

4

## DISCUSSION

### *Independent Review Pursuant to People v. Wende*

We appointed counsel to represent Howard on appeal. Counsel filed an opening brief that includes the facts and procedural history of the case and requests that we review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) Counsel advised Howard of the right to file a supplemental brief within 30 days from the date that she filed the opening brief. Howard filed two documents on May 19, 2025.

We have examined the entire record, as well as the two documents filed by Howard.  We are satisfied that no arguable issues exist, and Howard's counsel has fully satisfied her responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## DISPOSITION

We affirm the judgment.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


HANASONO, J.


We concur:



EGERTON, Acting P. J.



ADAMS, J.


6